IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

KEVIN M. LYDON,

    Petitioner,

v.                                                                                Civil Action No. 2:24-cv-546

CHADWICK DOTSON,
Director of the Virginia Department of Corrections,

    Respondent.

## FINAL ORDER

Kevin M. Lydon ("Petitioner" or "Lydon"), a Virginia inmate proceeding *pro se*, initiated this matter by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the Court is Lydon's Objection to the Magistrate Judge's Report and Recommendation ("R&R"). Dkt. No. 18. For the reasons stated below, Lydon's Objection, Dkt. No. 19, is OVERRULED, Respondent's Motion to Dismiss, Dkt. No. 10, is GRANTED, and the Petition, Dkt. No. 1, is DENIED and DISMISSED WITH PREJUDICE.

## I. BACKGROUND

For a complete recitation of the relevant facts, the parties are referred to the Magistrate Judge's R&R.

Lydon filed this federal petition for a writ of habeas corpus under 28 U.S.C. § 2254, asserting three claims of ineffective assistance of counsel by his trial and state habeas attorneys and a Fifth and Fourteenth Amendment claim. Pet. at 27. Lydon also asserts his actual innocence. *Id*. at 20, 30. In Claim 1, Lydon contends that his trial counsel's forfeiture of affirmative defenses "rendered [his jury] trial unfair." *Id*. at 27. In Claim 2, he alleges that his trial attorney's "defective

performance . . . created procedural defaults and denied [him] the opportunity to obtain appellate consideration of the trial court's arbitrary abuse of discretion." *Id*. Finally, in Claim 3, Lydon asserts that his trial and state habeas attorneys violated his Fifth, Sixth, and Fourteenth Amendment rights when they "failed to identify, develop[,] or present a claim pertaining to a jury member that suffered from a serious hearing disability[.]" *Id*. Lydon raised these three claims for the first time in his federal habeas petition.

Respondent filed a Rule 5 Answer and Moved to Dismiss the Petition. Dkt. Nos. 10-12. Respondent argues that because Lydon "waited 558 days from the conclusion of his state habeas proceeding on February 17, 2023, to file his federal habeas petition on August 28, 2024 . . . his federal habeas petition is untimely[.]" Dkt. No. 12, at 6. Respondent also argues that Lydon's actual innocence claim fails because he "has not proffered any 'new reliable evidence' demonstrating a colorable claim of actual innocence." *Id*. at 9 (internal citation omitted). Respondent further contends that Lydon's claims are procedurally defaulted because he "did not raise his substantive law claims (Claim 3) to the Supreme Court of Virginia on direct appeal or his claims of ineffective assistance of counsel (Claims 1-3) to the Supreme Court of Virginia in his habeas corpus proceeding." *Id*. at 10. On December 5, 2024, Lydon responded, reasserting arguments made in his Petition. Dkt. No. 17. Lydon also appended a personal affidavit, seemingly to swear to the claims and assertions made in his response. Dkt. No. 17-1.

The matter was referred to a United States Magistrate Judge for report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B) and (C); *see also* E.D. Va. Loc. Civ. R. 72. On April 23, 2025, the Magistrate Judge issued the R&R recommending that this Court grant Respondent's Motion to Dismiss, Dkt. No. 10, and deny and dismiss the Petition, Dkt. No. 1, with prejudice. R&R at 2, 10. The Magistrate Judge concluded that (1) Lydon's petition is time-barred

by the one-year statute of limitations, (2) Lydon presented insufficient evidence to warrant equitable tolling, and (3) Lydon presented insufficient evidence of actual innocence to overcome the time-bar. *Id.* at 5-10. Lydon timely objected to the R&R. Pet. Obj.

## II. LEGAL STANDARD

A federal court may grant habeas relief for a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). When a petition is referred to a Magistrate Judge for a R&R, "the magistrate [judge] makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). If a specific objection to the report and recommendation is made, the Court "shall make a *de novo* determination of those portions of the report . . . to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to conduct a review or provide an explanation for adopting the factual or legal conclusions of the magistrate judge's report and recommendation to which no objection is made. Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (Table) (4th Cir. 1992); *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the report and recommendation where a party has made a specific written objection. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). In reviewing those portions of the R&R to which Lydon has objected, this Court will consider the fact that Plaintiff is acting *pro se*, and his pleadings will be liberally construed. *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

### III. ANALYSIS

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a state prisoner ordinarily has one year to file a federal petition for habeas corpus, starting from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). If the petition alleges newly discovered evidence, however, the filing deadline is one year from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." § 2244(d)(1)(D). *McQuiggin v. Perkins*, 569 U.S. 383, 388-89 (2013). The Magistrate Judge applied the statute of limitations to the present case and found that Lydon failed to file his federal habeas petition within the prescribed time limit.

Specifically, the Magistrate Judge found that Lydon's federal habeas petition is untimely because—for purposes of federal habeas review—Lydon's criminal conviction became final on November 26, 2021, when his time to file a petition for writ of certiorari to the Supreme Court of the United States expired. R&R at 5. On June 22, 2022, Lydon filed a state habeas petition, which tolled the federal limitations period. *Id.* At that point, 208 days of the limitation period had expired. *Id.* The state filing tolled the limitations period until the Supreme Court of Virginia denied Lydon's state habeas petition on February 17, 2023. *Id.* (citations omitted). Thus, Lydon's federal limitation period for a challenge to his underlying conviction expired 157 days later on July 24, 2023—over a year before he filed this Petition. *Id.* at 6. The Magistrate Judge also found that Lydon failed to establish a new factual predicate to extend the limitations period, presented insufficient evidence to warrant equitable tolling, and presented insufficient evidence of actual innocence to overcome the time-bar. *Id.* at 6-10. The Magistrate Judge stated that "Lydon admits in his Petition, Response,

4

and Sworn Affidavit, that he first became aware of the juror's alleged hearing difficulties at his trial." *Id.* at 7 (emphasis in original).

Even liberally construing the objections to the Magistrate Judge's R&R, Lydon merely restates his claim that he established a new factual predicate to extend the limitations period. Lydon's main argument rests on his assertion that the factual predicate comprising Claim 3 "was not discovered until [he] received [his] case file materials from ICA attorney, Jon Sheldon, which did not occur until middle or late April of 2024." Pet. Obj. at 2. The Magistrate Judge rejected this claim because Lydon was aware of this juror issue at trial, recognizing that the "receipt of documents related to a claim is immaterial when the 'factual predicate' of the claim is already known to the Petitioner." R&R at 7; *see Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) ("Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance."). In his Petition, Lydon admits that "[d]uring the initial stages of trial a member of the jury, Raymond Cuervo, apprised the court that he was unable to hear and was assured that everyone would be speaking into microphones." Pet. at 24. The Court finds that the Magistrate Judge's analysis comports with the law and that Lydon was aware of the juror issue at trial. Lydon therefore failed to file his federal habeas petition within the prescribed time limit.

The Court also notes that Lydon continues to maintain that he is entitled to equitable tolling of the statute of limitations to excuse his failure to timely file his federal habeas petition because he is actually innocent of the charges. Pet. Obj. at 4. Typically, under the "actual innocence exception," federal habeas petitioners can overcome a procedural bar, such as the statute of limitations here, to allow the federal court to consider the merits of the constitutional challenge to their state conviction. *See Schlup v. Delo*, 513 U.S. 298, 326 (1995) ("To establish the requisite

probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."). In support of his actual innocence claim, Lydon asserts that juror Cuervo "found me credible, believed I was innocent," and that any "contact [with the victim] was consensual[.]'" Pet. Obj. at 4. However, the Magistrate Judge correctly found that Lydon points to no new evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or physical evidence, that was not presented at trial—that could establish his innocence. R&R at 8-10.

As to all other enumerated "objections" that are not specific and/or not responsive to the Magistrate Judge's ruling, the Court has reviewed the record and has found no clear error. *See Doss v. Clarke*, No. 7:14cv15, 2015 WL 1383234, at *2 (W.D. Va. Mar. 23, 2015) (explaining that "clear error" review applies in the absence of a "specific objection" to a finding in the R&R); *Hart v. Warden of Broad River Corr. Inst.*, C.A. No. 0:09-997, 2010 WL 2232213, at *2 (D.S.C. June 3, 2010) (declining to individually analyze all but one objection because the majority of the objections were "non-specific," "unrelated to the dispositive portions" of the R&R, or "merely restat[ed]" the petitioner's claims). Accordingly, all of Lydon's objections to the R&R's analysis of his habeas petition are OVERRULED.

## IV. CONCLUSION

Following careful consideration, the Court ACCEPTS and ADOPTS IN WHOLE the findings and recommendations set forth in the R&R. Accordingly, Lydon's Objections, Dkt. No. 19, are OVERRULED, Respondent's Motion to Dismiss, Dkt. No. 10, is GRANTED, and Lydon's Petition, Dkt. 1, is DENIED and DISMISSED WITH PREJUDICE.

Petitioner has failed to demonstrate a "substantial showing of the denial of a constitutional right," therefore, the Court declines to issue any certificate of appealability pursuant to Rule 22(b)

of the Federal Rules of Appellate Procedure. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003).

Petitioner is ADVISED that because a certificate of appealability is denied by this Court, he may seek a certification from the United States Court of Appeals for the Fourth Circuit. Fed. R. App. 22(b); Rules Gov. § 2254 Cases in U.S. Dist. Cts. 11(a). If Petitioner intends to seek a certificate of appealability from the Fourth Circuit, he must do so within thirty (30) days from the date of this Order. Petitioner may seek such a certificate by filing a written notice of appeal with the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510.

The Clerk shall mail a copy of this Order to Petitioner and counsel of record for Respondent.

It is so ORDERED.

/s/
Elizabeth W. Hanes
United States District Judge

Norfolk, Virginia
Date: September 10, 2025